CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 08, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,<br>　　Plaintiff, | )<br>)<br>) Civil Action No. 7:24-cv-00904 |
| v. | )<br>)<br>) By: Elizabeth K. Dillon |
| WARDEN J. ARTRIP, *et al.*,<br>　　Defendants. | ) Chief United States District Judge<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff David Meyers, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Meyers has not paid the filing fee.

Based on court records, it is clear that at least three of Meyers' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Meyers may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, the court will dismiss the complaint in its entirety.

Plaintiff's claims are related to various health conditions, as he alleges that defendants have been deliberately indifferent to several ailments, including a severe head injury, two broken legs, and injuries to his neck, back and arms. (Compl. 2–3.) Notably, Meyers' complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Meyers v. United States Dist. Ct.*, 7:18-cv-472 (W.D. Va. Nov. 2, 2018); *Meyers v. United States Dist. Ct.*, 7:18-cv-474 (W.D. Va. Nov. 2, 2018); *Meyers v. Clarke*, 7:18-cv-435 (W.D. Va. Sept. 7, 2018).

physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Meyers' complaint is focused on past infractions and not on any danger that is close at hand. A litigant can meet the imminent-danger exception if a "pattern of past conduct" places him or her in "ongoing imminent danger of harm." *Holley v. Combs*, No. 22-6177 (4th Cir. Apr. 8, 2025) (citing *Newkirk v. Kiser*, 812 F. App'x 159, 160 (4th Cir. 2020)). Plaintiff alleges past conduct, but his allegations do not suggest or establish any pattern that places him in imminent danger. In his motion to proceed *in forma pauperis*, plaintiff states that he is in "imminent danger" because T. Hicks, V. Williams, and T. Meyer have told Meyers that are "going to kill me". (Dkt. No. 2.) This conclusory allegation is insufficient to invoke the imminent danger exception. *See Johnson*, 200 F. App'x at 272 (holding that "vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)"). Moreover, this assertion of imminent danger is unrelated to the allegations in the complaint because they are made against individuals who are not defendants in this action. *See Hall v. United States*, 44 F.4th 218, 230

2

(4th Cir. 2022) (explaining that § 1915(g) "requires that litigants allege sufficient facts to demonstrate a nexus between the claims presented and the imminent danger alleged").

Along with his complaint, Meyers has also filed a document pertaining to filing fees that have been collected in his various cases. (Dkt. No. 1-1.) This document contains abusive and vulgar language in violation of the court's pre-filing injunction. *See* Case No. 7:19-cv-573 (W.D. Va.) (Dkt. No. 10). This action is also subject to dismissal pursuant to the court's order. *See id.* ¶ 6 ("If at any time during the pendency of a case, Meyers files a document which contains any irrelevant scandalous, vulgar, obscene, threatening, or vituperative language or allegations, the court will dismiss the entire action immediately, without further warning, as violating this order.").

As Meyers has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," and also because he has violated the court's pre-filing injunction order, the court will dismiss his complaint without prejudice pursuant to the injunction order and 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: April 8, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge